**O**

# United States District Court
# Central District of California

| | |
|---|---|
| FANTASTIC SAMS SALONS CORP., <br> Plaintiff, <br> v. <br> FRANK MOASSESFAR; PARVANEH MOASSESFAR, <br> Defendants. | Case No. 2:14-cv-06727-ODW(PJWx) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [63]** |

The Court hereby issues this Order clarifying its ruling on Plaintiff's Motion for Partial Summary Judgment. *See* Fed. R. Civ. P. 56(a) ("The court should state on the record the reasons for granting or denying the motion."). Plaintiff moves for summary judgment on its breach of contract claim against Defendants. For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion. (ECF No. 63.)

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Here, Plaintiff Fantastic Sams Salon Corp. entered into two franchise contracts with Defendants Frank Moassesfar and

Parvaneh Moassesfar, both of which required Defendants to pay a weekly license fee and a weekly national advertising fee to Plaintiff via electronic draft.  In January 2011 and February 2012, Defendants closed the bank accounts from which the fees were being withdrawn, and thus ceased making fee payments.  Two years later, Plaintiff sent Defendants a notice of default and request to cure.  Defendants failed to cure the breach.  The failure to pay the license fee and advertising fee is a material breach of the franchise agreements.  Moreover, there is no evidence that Plaintiff failed to perform under the agreements.  Finally, Plaintiff suffered damages in the form of unpaid fees.  Defendants do not dispute any of these facts.

The Court therefore concludes that there are no genuine issues of material fact with respect to Plaintiff's breach of contract claim, and that Plaintiff is entitled to judgment as a matter of law on that claim.  Fed. R. Civ. P. 56(a).  The Court therefore **GRANTS** Plaintiff's Motion with respect to the breach of contract claim.

However, the Court concludes that there are genuine issues of material fact with respect to the *amount* of damages caused by Defendants' breach based on Plaintiff's failure to mitigate its damages.  "A plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided."  *Shaffer v. Debbas*, 17 Cal. App. 4th 33, 41 (1993).  Here, although Defendants ceased paying the fees in January 2011 and February 2012, it was not until May 2014—two years later—that Plaintiff demanded that Defendants cure the breach (and then terminated the contract after Defendants failed to do so).  There is no explanation for this significant delay, and had Plaintiff notified Defendants and/or terminated the contract earlier, there is a reasonable possibility that the unpaid fees would not have accumulated to its current amount.  Defendants are entitled to have a jury decide whether or not Plaintiff took reasonable steps to limit their damages.

The fact that the Court previously limited Plaintiff's recoverable damages based on a contractual limitations clause is separate from the issue whether or not Plaintiff

adequately mitigated its damages by not terminating the agreement and/or filing suit earlier.

The Court therefore **DENIES** Plaintiff's Motion to the extent that it seeks summary judgment on the amount of damages it suffered as a result of Defendant's breach.

**IT IS SO ORDERED.**

March 8, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**