O

# United States District Court
# Central District of California

| | |
|---|---|
| FANTASTIC SAMS SALONS CORP., <br>                  Plaintiff, <br><br>      v. <br><br> FRANK MOASSESFAR; PARVANEH MOASSESFAR, <br>                  Defendants. | Case No. 2:14-cv-06727-ODW(PJWx) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [95]** |

On June 3, 2016, Defendants Frank Moassesfar and Parvaneh Moassesfar moved to dismiss the action for lack of subject matter jurisdiction. (ECF No. 95.) Defendants argue that because Plaintiff Fantastic Sams Salons Corp. is abandoning its claim for trademark infringement, the Court can no longer exercise supplemental jurisdiction over the claim for breach of contract. (Mot. 4.) Defendants further argue that there is no diversity jurisdiction over that claim because the amount in controversy is less than $75,000. (Mot. 5.) After considering Defendants' moving papers and discussing the matter with the parties at the pretrial conference on June 6, 2016, the Court finds the Motion appropriate for decision without further briefing from the parties. For the reasons discussed below, the Motion is **DENIED**. (ECF No.

95.)

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Federal courts have original jurisdiction over a claim that arises under federal law, 28 U.S.C. § 1331, or a claim where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).  If the court has original jurisdiction over one or more of the claims in an action, the court may exercise supplemental jurisdiction over other state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

When all claims within the court's original jurisdiction are dismissed, the court has the discretion—but not the obligation—to dismiss any remaining state law claims. 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  Whether the court should do so depends on considerations of "economy, convenience, fairness, and comity."  *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Here, even though Plaintiff intends to dismiss the only federal claim in the case, considerations of economy, convenience, and fairness all point in favor of the Court continuing to exercise supplemental jurisdiction over the breach of contract claim. This case was filed almost two years ago, and is now a month away from trial; the Court has ruled on both a motion to dismiss and a motion for summary judgment concerning the breach of contract claim, and has conducted the pretrial conference and ruled on motions in limine.  All this effort and expense by the parties would go to waste if the Court dismissed the claim and forced Plaintiff to start all over again in state court.  And while comity to the states will always favor dismissing state law claims, California does not appear to have a particularly acute interest in adjudicating a claim for the breach of a franchise contract involving an out-of-state Plaintiff.  Thus,

these factors weigh in favor of the Court retaining jurisdiction over the breach of contract claim.[1]

For the foregoing reasons, Defendants' Motion is **DENIED**.  (ECF No. 95.)

**IT IS SO ORDERED.**

June 9, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[1] Moreover, contrary to Defendants' argument, the amount in controversy on the claim likely exceeds $75,000 and thus falls within the court's diversity jurisdiction.  Plaintiff claims that Defendants owe $60,384 in license and advertising fees under the contract.  (*See* Plaintiff's Mem. of Contentions of Fact and Law 2, ECF No. 88.)  Moreover, the contract allows for the recovery of attorney's fees (*id.* at 3), and such fees may be included in calculating the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  It seems likely that Plaintiff has incurred at least $15,000 in fees and costs at this point, thus bringing the total amount in controversy to over $75,000.