**O**

# United States District Court
# Central District of California

| | |
|---|---|
| FANTASTIC SAMS SALON CORP., <br><br> Plaintiff, <br><br> v. <br><br> FRANK MOASSESFAR; PARVANEH MOASSESFAR, <br><br> Defendants. | Case № 2:14-cv-06727-ODW (E) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS [129] AND TO SHOW CAUSE RE: SANCTIONS** |

## I. INTRODUCTION

Plaintiff Fantastic Sams Salon Corp. ("Fantastic Sams") brings this action against Defendants Frank and Parvaneh Moassesfar for breach of contract and trademark infringement. Fantastic Sams prevailed at trial on its breach of contract claim, and now moves for an award of attorney's fees and costs. (ECF No. 129.) After considering Fantastic Sams' moving papers, the Court finds the matter appropriate for decision without oral argument or further briefing, and thus **VACATES** the hearing date. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.[1] For the reasons discussed below, the Court **DENIES** Fantastic Sams' Motion. The Court further **ORDERS** Fantastic Sams' counsel to **SHOW CAUSE** why the Court should

---

[1] The Court does not rely on any argument in the Moassesfars' Opposition, and thus the Court finds it unnecessary to await Fantastic Sams' Reply before ruling on the Motion.

not sanction them for asserting an argument without any reasonable basis.

## II. FACTUAL BACKGROUND

The parties are familiar with the factual background of the case, and thus the Court recounts only the salient facts here. Fantastic Sams is a franchisor of hair cutting salons throughout the United States. (Compl. ¶ 5, ECF No. 1.) In 2007, the Moassesfars became franchisees of two Fantastic Sams salons in California—one in Tarzana and the other in Northridge. (*Id.* ¶ 6.) The franchise agreements required, among other things, that the Moassesfars pay a weekly license fee and a national advertising fee for each franchise location. (*Id.* ¶ 26.) The Moassesfars failed to pay these fees beginning in January 2011 for the Tarzana location and February 2012 for the Northridge location. (*Id.* ¶ 32–33.) Despite not paying the fees, the Moassesfars allegedly continued to operate both locations as Fantastic Sams salons. (*Id.* ¶ 41.)

In August 2014, Fantastic Sams filed this action against the Moassesfars, asserting one claim for breach of contract and one claim for trademark infringement. (ECF No. 1.) In March 2016, the Court granted summary judgment in Fantastic Sams' favor on liability for the breach of contract claim. (ECF No. 75.) On March 28, 2017, the Court conducted a jury trial on damages for that claim, and the jury returned a verdict for the full amount of damages sought by Fantastic Sams. (ECF No. 118.) The Court entered judgment accordingly, and dismissed Fantastic Sams' trademark infringement claim. (ECF No. 127.) Fantastic Sams subsequently moved for an award of attorney's fees in the amount of $90,904.49 and costs in the amount of $3,203.17. (ECF No. 129.) That Motion is now before the Court for decision.

## III. LEGAL STANDARD

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). In California, the prevailing party in an action for breach of contract may recover its attorney's fees if the contract provides for such

recovery. Cal. Civ. Code § 1717(a); *Gil v. Mansano*, 121 Cal. App. 4th 739, 742 (2004). Courts apply traditional rules of contract interpretation to interpret an attorneys' fees provision in a contract. *Gil*, 121 Cal. App. 4th at 743; *Windsor Pac. LLC v. Samwood Co.*, 213 Cal. App. 4th 263, 274 (2013). This requires the Court to "give effect to the mutual intention of the contracting parties at the time the contract was formed," which the Court must ascertain "solely from the written contract if possible." *Windsor Pac.*, 213 Cal. App. 4th at 274. "If contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs." *Id.*

## IV. DISCUSSION

### A. Attorney's Fees

Fantastic Sams argues that both franchise agreements provide for the recovery of attorney's fees by the prevailing party in this action. (Mot. at 6, ECF No. 129.) However, they plainly do not. The provisions that Fantastic Sams relies on each state: "Any cost or other expenses, including attorney's fees and cost incurred by the successful party, arising out of or occurring because of *the arbitration proceeding*, will be assessed against the unsuccessful party." (Rodriguez Decl., Ex A at 24, Ex. B at 23, ECF No. 129 (emphasis added).) This action is not an arbitration proceeding, and thus this provision obviously does not apply here. Moreover, the franchise agreements specifically exclude from arbitration "matters relating to the collection of monies owed to Salons Corp by Licensee" (Rodriguez Decl., Ex A at 23, Ex. B at 22), thus making it crystal clear that the parties did not contemplate the recovery of attorney's fees in collection actions at all. Accordingly, the Court declines to award any such fees.

### B. Costs

Fantastic Sams seeks, by this motion, an award of costs in the amount of $3,203.17. "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Within 14 days after the entry of judgment, the party entitled to

costs shall file and serve, in accordance with L.Rs. 5-3 and 5-4.1, a completed Form CV-59 'Application to the Clerk to Tax Costs.' All costs shall be specified on Form CV-59 so that the nature of the claim can be readily understood." C.D. Cal. L.R. 54-2.1. The court may review the Clerk's taxation of costs upon motion by either party, but "[t]hat review [is] limited to the record made before the Clerk." C.D. Cal. L.R. 54-8; *see also* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action."). Here, Fantastic Sams failed to seek an initial determination of taxable costs from the Clerk; it simply moved this Court in the first instance to award costs. Because the Local Rules (and arguably Rule 54(d)(1)) limit the Court to reviewing the Clerk's taxation of costs, Fantastic Sams' Motion fails.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Fantastic Sams' Motion in its entirety. (ECF No. 129.) Finally, as the Court more fully explained above, Fantastic Sams had no reasonable basis on which to assert that "[h]ere, attorney's fees are authorized by contract." (Mot. at 6.) The Court therefore **ORDERS** Fantastic Sams' counsel to **SHOW CAUSE**, in writing only, no later than **June 14, 2017**, why the Court should not impose sanctions in the amount of $1,000 jointly and severally against Jonathan Michaels, Kathryn Harvey, Kristen Rodriguez, and MLG Automotive Law, APLC, for making a factual and legal assertion to the Court without any reasonable basis. Fed. R. Civ. P. 11(b). No hearing will be held.

**IT IS SO ORDERED.**

June 7, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**